NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1141, -1155

INTERACTIVE HEALTH, LLC (now known as HUMAN TOUCH, LLC)
and DAITO DENKI KOGYU K.K.
(doing business as Daito Electric Machine Industry Company, Ltd.),

Plaintiffs-Appellants,

v.

KING KONG USA, INC., AMERICAN LIGHTING INDUSTRY, INC.,
and BERNARD KOAY,

Defendants-Appellees,

and

WFO IMPORTS LLC,

Defendant-Cross Appellant,

and

BLAIR HAYES,

Defendant-Appellee,

and

HEALTHFIRST LLC,

Defendant.

Appeals from the United States District Court for the Central District of California in case no. 2:06-CV-1902, Judge Valerie Baker Fairbank.

ON MOTION

Before GAJARSA, FRIEDMAN, and LINN, Circuit Judges.

LINN, Circuit Judge.

## ORDER

WFO Imports, LLC moves to stay execution of the judgment of the United States District Court for the Central District of California pending appeal. Interactive Health, LLC et al. (Interactive Health) oppose. WFO replies.

Interactive Health sued WFO for patent infringement. A jury found that WFO infringed and awarded lost profits damages of $1,726,726.65. Alternatively, the jury found that Interactive Health would be entitled to damages of $630,615.00 based upon a reasonable royalty. The district court stayed execution of the judgment with a reduced bond of $50,000 pending post-trial motions. After the district court ruled on the post-trial motions and entered judgment, WFO moved the district court to stay execution of the judgment, pending appeal, subject to the $50,000 bond WFO had already posted. The district court granted the motion to stay execution on the condition that WFO post a $631,000 bond. The district court stated that "WFO's evidence regarding its financial condition and its financial resources was insufficient" to justify the requested $50,000 bond.

In deciding whether to grant a stay, pending appeal, this court "assesses the movant's chances of success on the merits and weighs the equities as they affect the parties and the public." E.I. Dupont de Nemours & Co. v. Phillips Petroleum Co., 835 F.2d 277, 278 (Fed. Cir. 1987); see also Standard Havens Prods. V. Gencor Indus., 897 F.2d 511 (Fed. Cir. 1990). To prevail, a movant must establish a strong likelihood of success on the merits or, failing that, must demonstrate that it has a substantial case on the merits and that the harms factors militate in its favor. Hilton v. Braunskill, 481 U.S. 770, 778 (1987).

Pursuant to Fed. R. Civ. P. 62(d), an appellant may obtain a stay, pending appeal, by posting a supersedeas bond. Under Ninth Circuit law, a district court's supersedeas bond order is reviewed for abuse of discretion. Pacific Reins. Mgmt. Crop. v. Ohio Reins. Corp., 935 F.2d 1019, 1027 (9th Cir. 1991). The Ninth Circuit has stated that generally "the purpose of a supersedeas bond is to secure the appellees from a loss resulting from the stay of execution and a full supersedeas bond should therefore be required." Id.

Without prejudicing the ultimate disposition of this case by the merits panel, and based upon the motions papers submitted, we determine that WFO has not met its burden to obtain a stay of execution of the judgment without posting a $631,000 bond as required by the district court.

Accordingly,

IT IS ORDERED THAT:

(1)    The motion is denied.

(2)    The temporary stay of execution pursuant to the court's February 13, 2009 order is lifted.

FOR THE COURT

MAY – 1 2009
_____
Date

/s/ Jan Horbaly_____
Jan Horbaly
Clerk

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

MAY – 1 2009

JAN HORBALY
CLERK

cc:    David A. Dillard, Esq.
       Leslie F. Vandale, Esq.
       Peter J. Korneffel, Jr., Esq.

s17

2009-1141, -1155                3